IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Case No. 1:22-CV-00534

BLAINE HARRINGTON III,

     Plaintiff,

v.

BLUE SKY CAPITAL, LLC,

     Defendant.

---

## COMPLAINT

Plaintiff Blaine Harrington III ("Plaintiff") sues defendant Blue Sky Capital, LLC ("Defendant"), and alleges as follows:

## THE PARTIES

1.    Plaintiff is an individual who is a citizen of the State of Colorado.

2.    Defendant is a limited liability company organized and existing under the laws of the State of New Mexico with its principal place of business located at 8665 Rio Grande Blvd NW, Albuquerque, NM 87114. Defendant's agent for service of process is Allan Wainwright, 800 Lomas Blvd. NW, Suite 100, Albuquerque, NM 87102.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.    This Court has personal jurisdiction over Defendant because it maintained sufficient minimum contacts with New Mexico such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5.      Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "A defendant 'may be found' in any judicial district to which he would be subject to personal jurisdiction."  Allison v. Wise, 621 F. Supp. 2d 1114, 1118 (D. Colo. 2007); see also McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) ("In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'") (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991).

## FACTS

### I.      Plaintiff's Business

6.      Plaintiff is a well-known and highly regarded travel/location photographer based in Denver, CO, a four time SATW Travel Photographer of the Year (in addition to numerous other awards received during his career), and has worked on assignment for most major news, business and travel magazines.

7.      With over 45 years in business (including working in Amsterdam, New York, Paris and Zurich), Plaintiff has expert knowledge of Europe, as well as most regions of the world.  He maintains files of over 500,000 images from over seventy-five countries and is continually traveling to add new and updated material to the files.

8.      Plaintiff's travel/location photography is highly sought after and has been published in numerous magazines/travel calendars, including: Business Week, Delta Sky, Endless Vacation, Forbes, Geo, Islands, National Geographic Adventure, National Geographic Traveler, Newsweek, New York Times magazine, Outside, Popular Photography, Ski, Smithsonian, Time, and Travel + Leisure. He was also the travel photography columnist (bi-monthly "On the Road") for Shutterbug

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Magazine and has numerous corporate clients that have included his work in their marketing/advertising campaigns.

## II.    The Work at Issue in this Lawsuit

9.      In 2012, Plaintiff created a professional photograph of hot air balloons flying at sunrise with the Sandia Mountains in the background during the Albuquerque International Balloon Fiesta titled "20121008_NM-TEX_0962" (the "<u>Work</u>").  A copy of the Work is exhibited below.



10.     The Work was registered by Plaintiff with the Register of Copyrights on March 05, 2013 and was assigned Registration No. VAu 1-132-209.  A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as **<u>Exhibit "A."</u>**

11.     Plaintiff is the owner of the Work and has remained the owner at all time's material hereto.

## III.    Defendant's Unlawful Activities

12.     Defendant is a real estate investment company specializing in judicial foreclosure

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

sales. It has been serving the New Mexico area for over 20 years.

13.    Defendant advertises/markets its business primarily through its website (https://blueskycapitalnm.com/).

14.    On a date after Plaintiff's above-referenced copyright registration of the Work, Defendant published the work on its website (at https://blueskycapitalnm.com/about-us) to accompany its about us page:



15.    A true and correct copy of the screenshot of Defendant's website, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

16.    Defendant is not and has never been licensed to use or display the Work.  Defendant never contacted Plaintiff to seek permission to use the Work in connection with its website or for any other purpose.

17.    Defendant utilized the Work for commercial use – namely, in connection with the marketing of its real estate investment business.

18.    Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

19.     Through his ongoing diligent efforts to identify unauthorized use of his photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in June 2022. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.

20.     To date, Plaintiff has been unable to negotiate a reasonable license for the past/existing infringement of his Work.  Indeed, Defendant has refused to pay *any* license for its infringement (let alone a reasonable one), insisting that Plaintiff should pay Defendant $5,000.00 to resolve the matter and offering no explanation whatsoever for its nonsensical position.

## COUNT I – COPYRIGHT INFRINGEMENT

21.     Plaintiff re-alleges and incorporates paragraphs 1 through 20 as set forth above.

22.     The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

23.     Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

24.     As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website.

25.     Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

26.     By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

27.     Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright.  Notably, Defendant itself utilizes a copyright disclaimer on its website ("Copyright © 2020 Blue Sky Capital - All Rights Reserved."), indicating that Defendant understands the importance of copyright protection and intellectual property rights.  Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

28.     Defendant's willfulness is further exemplified by the fact that, even after receiving a demand letter containing notice of its infringement, a follow up email, and retaining counsel, Defendant is still utilizing Plaintiff's work without a license (as of the date of this filing).

29.     Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

30.     Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

31.     Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

32.     Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and attorneys' fees as a result of Defendant's conduct.

33.     Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.  A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b.  A declaration that such infringement is willful;

c.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d.  Awarding Plaintiff his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.  Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g.  For such other relief as the Court deems just and proper.

## Demand For Jury Trial

Plaintiff demands a trial by jury on all issued so triable.

Dated: July 20, 2022.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza, Esq.____
      Daniel DeSouza, Esq.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228