IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| BLAINE HARRINGTON III | ) | |
|     Plaintiff/Counterclaim Defendant | ) | |
| | ) | |
| v. | ) | Case No.  1:22-cv-00534-KK-JHR |
| | ) | |
| BLUE SKY CAPITAL, LLC | ) | |
|     Defendant/Counterclaim Plaintiff. | ) | |

**ANSWER AND COUNTERCLAIMS OF DEFENDANT BLUE SKY CAPITAL, LLC**

Defendant Blue Sky Capital, LLC ("Blue Sky") here answers and asserts affirmative defenses, and alleges counterclaims, in response to the Complaint of Plaintiff Blaine Harrington III ("Mr. Harrington") in the above captioned matter, as follows:

**ANSWER**

1.    Blue Sky admits the allegations of this paragraph of Mr. Harrington's Complaint.

2.    Blue Sky admits the allegations of this paragraph of Mr. Harrington's Complaint.

3.    Blue Sky admits the allegations of this paragraph of Mr. Harrington's Complaint.

4.    Blue Sky admits the allegations of this paragraph of Mr. Harrington's Complaint.

5.    Blue Sky admits the allegations of this paragraph of Mr. Harrington's Complaint, excepting that Blue Sky does not admit that the cases cited in this paragraph all support the legal principles for which they purport to stand.

6.    Blue Sky is without knowledge or information sufficient to admit or deny the allegations in this paragraph of Mr. Harrington's Complaint, and so denies them and demands strict proof thereof.

7.     Blue Sky is without knowledge or information sufficient to admit or deny the allegations in this paragraph of Mr. Harrington's Complaint, and so denies them and demands strict proof thereof.

8.     Blue Sky is without knowledge or information sufficient to admit or deny the allegations in this paragraph of Mr. Harrington's Complaint, and so denies them and demands strict proof thereof.

9.     Blue Sky is without knowledge or information sufficient to admit or deny the allegations in this paragraph of Mr. Harrington's Complaint, and so denies them and demands strict proof thereof.

10.     Blue Sky is without knowledge or information sufficient to admit or deny the allegations in this paragraph of Mr. Harrington's Complaint, and so denies them and demands strict proof thereof.

11.     Blue Sky is without knowledge or information sufficient to admit or deny the allegations in this paragraph of Mr. Harrington's Complaint, and so denies them and demands strict proof thereof.

12.     Blue Sky admits the allegations of this paragraph of Mr. Harrington's Complaint, except to deny that it is a real estate investment company.

13.     Blue Sky admits that it markets its services by use of its Website and other advertising media.

14.     This paragraph of Mr. Harrington's Complaint states a legal conclusion which requires no response from Blue Sky, but if a response were due, it would deny it.

15.     While Exhibit B appears to be a copy of a portion of Blue Sky's Website on which the subject photograph had been posted by Blue Sky, Blue Sky denies any other portion of the

allegations of this paragraph of Mr. Harrington's Complaint.

16.     Blue Sky admits it has never received a formal or written license to use the subject photograph, and that it never contacted Mr. Harrington about obtaining a license.

17.     Blue Sky denies the allegations of this paragraph of Mr. Harrington's Complaint.

18.     Blue Sky admits that the subject photograph had been found on the internet, and denies the remaining allegations of this paragraph of Mr. Harringtons' Complaint.

19.     Blue Sky denies the allegations and implications of this paragraph of Mr. Harrington's Complaint, except to admit that Mr. Harrington has apparently used efforts to identify its use of the subject photograph; that he had his attorneys notify it and accuse it of using the photograph without authorization; and that it has refused to enter a license on the extortionate terms Mr. Harrington has demanded, and that it owes Mr. Harrington no apology.

20.     Blue Sky denies the allegations of this paragraph of Plaintiff's Complaint.

21.     Blue Sky realleges, and incorporates by reference, its responses to paragraphs 1 through 20 of Mr. Harrington's Complaint.

22.     This paragraph of Mr. Harrington's Complaint purports to state a legal conclusion, which requires no response from Blue Sky, but to the extent any response is required, it denies the allegations.

23.     This paragraph of Mr. Harrington's Complaint purports to state a legal conclusion, which requires no response from Blue Sky, but to the extent any response is required, it denies the allegations.

24.     Blue Sky denies the allegations of this paragraph of Mr. Harrington's Counterclaims.

25.     Blue Sky admits that the photograph was posted on its Website, and denies the remaining allegations of this paragraph of Mr. Harrington's Complaint.

26.     Blue Sky denies the allegations of this paragraph of Mr. Harrington's Complaint.

27.     Blue Sky denies the allegations of this paragraph of Mr. Harrington's Complaint.

28.     Blue Sky denies the allegations of this paragraph of Mr. Harrington's Complaint.

29.     Blue Sky denies the allegations of this paragraph of Mr. Harrington's Complaint.

30.     Blue Sky denies the allegations of this paragraph of Mr. Harrington's Complaint.

31.     Blue Sky denies the allegations of this paragraph of Mr. Harrington's Complaint.

32.     Blue Sky denies the allegations of this paragraph of Mr. Harrington's Complaint.

33.     Blue Sky denies the allegations of this paragraph of Mr. Harrington's Complaint.

## AFFIRMATIVE DEFENSES

As and for its Affirmative Defenses, Blue Sky asserts the following:

1.     Mr. Harrington's Complaint is barred by the applicable statute of limitations.

2.     Mr. Harrington's Complaint is barred by his own misuse of the copyright law of the United States.

3.     Mr. Harrington's Complaint is barred by his unclean hands.

4.     Mr. Harrington's Complaint is barred by his willful misconduct.

5.     Mr. Harrington's Complaint is barred by his having impliedly licensed Blue Sky's use of the photograph.

6.     Mr. Harrington's Complaint is barred by principles of waiver and estoppel.

## COUNTERCLAIMS

Blue Sky ABQ, LLC alleges the following Counterclaims against Mr. Harrington:

1.     Mr. Harrington conducts the business of a copyright troll.  In the conduct of his

business Mr. Harrington has taken photographs featuring scenic views of New Mexico, including the Albuquerque skyline, mountains in New Mexico, and images of hot air balloons at the time of Albuquerque's Annual Balloon Fiesta, as well as of other picturesque locations throughout the United States.  Rather than, or in addition to, concentrating his business on the sale or licensing of those images, Mr. Harrington has pursued a business model, by which he has knowingly allowed his photographs to be available to the public on websites without providing notice that he claims to be the photographer or copyright owner of those photographs, all done willfully so that members of the public will not be made aware of his claim to such ownership; then monitors public access to websites to identify persons who download those images; then engages in searches of the web to determine if those persons who have downloaded the subject images use them for any purpose; and upon learning of such uses, retains lawyers to contact the persons who have downloaded and used the images, who announce his claim to copyright ownership of the subject images and threaten to sue the persons unless they pay him an exorbitant amount that could fairly be characterized as extortionate, given the market value for such images.

2.      If persons so identified by Mr. Harrington decline to pay him the exorbitant amount he demands, Mr. Harrington regularly files suit for copyright infringement against those persons in federal courts throughout the United States.  On information and belief Mr. Harrington has threatened hundreds of such persons with copyright infringement lawsuits over the past several years, most of whom have paid amounts far beyond the fair value of the use of those photographs simply to avoid the even greater likely costs of litigation; and has filed suit against individuals who decline to settle in those courts in at least 75 instances over the same time period.  A disproportionate number of the suits Mr. Harrington has filed have been filed in the United States District Court for New Mexico.

3.     All the actions described above are a part of a scheme Mr. Harrington has developed and pursues in order to lure individuals into downloading images of photographs in which he claims to own copyright; to then monitor access to those images by securing the specialized services of one or more companies with expertise in such matters in order to determine who has downloaded them and used them for any purpose that may be determined by access to the internet; and then with the assistance of legal counsel threaten to sue and sue such persons for amounts that are legally unreasonable, excessive and extortionate, knowing that the costs of defense of such claims, whether or not they are valid, would considerably exceed the cost of tribute demanded by the photographer who has orchestrated the scheme.

4.     Blue Sky provides information about its services on its Website.  In 2015 it included on its Website a photograph showing the Albuquerque skyline its staff had found by searching the web.  The website where the image was found did not identify a photographer or copyright proprietor of that image, and Blue Sky believed it could lawfully reproduce that image on its Website.

5.     Blue Sky's owners recently received a letter from Copycat Legal asserting that the photograph appearing on its Website showing the Albuquerque skyline had been taken by Mr. Harrington and that he owned the copyright in that photograph.  The letter asserted that Blue Sky had 14 days to pay $30,000 for its infringement of Mr. Harrington's copyright in that photograph, or face a lawsuit for infringement, in which he would seek damages of $150,000.  A draft complaint was attached to the letter.  A copy of the letter, with the draft complaint, is attached hereto as Exhibit A.

6.     The letter sent to Blue Sky attached hereto is identical to form letters Mr. Harrington has sent to numerous targets of his scheme, excepting only that the particular

photographs such others were alleged to have infringed were different.  On information and belief, in each case the photograph in question had been found by the targeted party on a website that provided no information or indication that the photograph had been taken by, or the copyright was owned by, Mr. Harrington.  Mr. Harrington has long been aware that his photographs were available on websites that did not identify him as the owner or copyright proprietor of the images in question; and for years he took no action to notify the hosts of the websites that the images were his and should be removed.  He knew and intended that having these photographs available on those websites might induce innocent users to download his photographs.

7.      Acting in accordance with his business model as described above, Mr. Harrington employed a specialized search service to identify persons such as Blue Sky who have downloaded an image of a photograph he had taken and then posted on their own website or social media platform.  He then directed his lawyers to threaten and if necessary pursue a claim for copyright infringement against such persons unless they paid an extortionate amount to compensate Mr. Harrington for the alleged infringement.  In all these actions Mr. Harrington acted knowingly and willfully, with legal malice, to implement a scheme to misuse the copyright law and illegally extort money from the targets of his scheme, including Blue Sky.

8.      In all its actions described above, Blue Sky was unaware of any claim by Mr. Harrington that copyright in the subject image was owned by Mr. Harrington; and had no reasonable way of knowing so.  Promptly upon receiving the letter from Mr. Harrington's lawyers referenced above, Blue Sky took steps to investigate the legitimacy of Mr. Harrington's claim and then as a precautionary measure removed the image from its Website, and has committed not to make any further use or reproduction of the subject image.

9.      After receiving the threatening letter from Mr. Harrington's lawyers Blue Sky

contacted undersigned counsel who agreed to represent it should Mr. Harrington continue to seek any compensation or pursue any claim for damages against it for copyright infringement. Undersigned counsel contacted Mr. Harrington's attorneys, who advised him that Mr. Harrington would file suit unless a payment acceptable to him would be made.

10.     In furtherance of his scheme to improperly and unlawfully extort money from those who innocently download unidentified images of his photographs, Mr. Harrington filed the instant lawsuit against Blue Sky.  In all these actions Mr. Harrington acted knowingly and willfully, with actual and legal malice, to implement a scheme to misuse the copyright law and illegally extort money from the targets of his scheme, including Blue Sky.

## COUNT I
### (Declaratory Judgment under 28 U.S.C. § 2201 et seq.)

11.     Blue Sky realleges and incorporates herein by reference the allegations in paragraphs 1 through 10 above.

12.     There exists an actual controversy between the Parties as to whether Mr. Harrington, by his conduct described herein, has been and is misusing protection provided by the U.S. Copyright Act to owners of creative works of authorship in filing his lawsuit against Blue Sky.

13.     For the reasons set forth above, Mr. Harrington has misused and is further threatening to misuse any copyright he owns in the image that is the subject of his claim against Blue Sky, and Blue Sky is entitled to a declaratory judgment that Harrington's conduct precludes his claim for copyright infringement against Blue Sky.

## COUNT II
### (Violation of New Mexico Unfair Practices Act, 1978 NMSA § 57-12-1 et seq.)

14.     Blue Sky realleges and incorporates herein by reference the allegations in

paragraphs 1 through 13 above.

15.     By his actions described above, Mr. Harrington has acted knowingly and willfully, as part of his regular course of business conduct prior to and in connection with his dealings with Blue Sky, sought to lure Blue Sky and others into unwittingly committing entirely innocent violations of the Copyright Act, and to sue such persons, and in doing so falsely represent to the public that he is acting in good faith in legitimate pursuit of his rights, all in a way that is injurious to the targets of his misconduct, such as Blue Sky herein, and the myriad of other members of the consuming public who have been and in the future may be entrapped by his calculated misuse of the copyright laws.  All this is injurious to the public and fair competition with respect to other photographers who do not engaged in such misuse of their copyrights and their customers.

16.     By these actions described above Mr. Harrington has damaged Blue Sky and threatens to further damage Blue Sky and others, in violation of the New Mexico Unfair Practices Act, and Blue Sky is entitled to recover three times its actual damages and to receive an award of attorney's fees it reasonably incurs in securing relief it is seeking.

**COUNT III**
**(Prima Facie Tort)**

17.     Blue Sky realleges and incorporates herein by reference the allegations in paragraphs 1 through 16 above.

18.     By intentionally committing the actions described herein of asserting ownership of copyright in his photographic image and suing for infringement, Mr. Harrington engaged in conduct that would be legal, had he not done so after having knowingly and intentionally lured Blue Sky into downloading and reproducing the subject image as part of his business model, but here for the improper purpose of attempting to exact extortionate payment from Blue Sky.

19.     By his actions described above Mr. Harrington's conduct was for the purpose of and has had the effect of causing damage to Blue Sky, and Blue Sky is accordingly entitled to recover damages for prima facie tort, in an amount to be determined at trial.

## RELIEF REQUESTED

Based on the facts alleged above, Blue Sky requests the Court enter judgment in its favor, as follows:

1.     ORDER that Mr. Harrington's claims be denied and that his complaint be dismissed with prejudice.

2.     ORDER that Mr. Harrington be permanently enjoined from threatening to sue or suing Blue Sky for copyright infringement with respect to images Harrington allows to be publicly available without identifying the fact that such images are subject to copyright protection or that he is the copyright owner of the image, acting pursuant to his business model by which he attempts to lure innocent persons to download and use such images.

3.     ORDER Mr. Harrington to pay Blue Sky damages in an amount to be proven at trial.

4.     ORDER Mr. Harrington to pay Blue Sky damages in an amount three times its actual damages.

5.     ORDER Mr. Harrington to pay Blue Sky punitive damages for Harrington's knowing, willful and malicious action in violation of Blue Sky's rights.

6.     ORDER Mr. Harrington to pay Blue Sky the attorney's fees it reasonably incurs in seeking relief in this matter.

7.     ORDER Mr. Harrington to pay Blue Sky the costs they incur allowable by law.

8.     ORDER Mr. Harrington to pay Blue Sky post-judgment interest on all amounts awarded to it, at the statutory rate.

9.     ORDER such further relief as the Court deems just and proper.

## JURY DEMAND

Blue Sky demands trial by jury on all claims asserted herein for which trial by jury is allowed.

Respectfully submitted,
By:  /s/ Jeffrey L. Squires
SQUIRES LEGAL COUNSEL, LLC
Jeffrey L. Squires
NM Bar No.  143015
P.O. Box 92845
Albuquerque, NM  87199
Tel:  (505) 835-5500
Email:  jsquires@squireslegal.com
*Attorneys for Defendant*

# EXHIBIT A



Copycat Legal PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065

T  877-HERO-CAT (877-437-6228)
E  help@copycatlegal.com

FRE 408 SETTLEMENT COMMUNICATION

June 8, 2022

**VIA FEDERAL EXPRESS AND ELECTRONIC MAIL (bfreeze@bscnm.net;**
**jennjohnson8891@gmail.com):**

Blue Sky Capital, LLC
Attn: Brent Freeze
PO Box 56924
Albuquerque, NM 87187

Blue Sky Capital, LLC
Attn: Brent Freeze
8665 Rio Grande Blvd. NW
Albuquerque, NM 87114

*RE:*    *Blaine Harrington III v. Blue Sky Capital, LLC*

Dear Mr. Freeze:

This law firm represents Blaine Harrington III.  I am writing to you because it appears that one or more of our client's copyrighted works was utilized for commercial purposes by Blue Sky Capital, LLC without first obtaining or purchasing a license from our client.  Such unauthorized use constitutes federal copyright infringement under 17 U.S.C. § 501 in addition to other claims potentially arising under federal law.  This letter is sent pursuant to Federal Rule of Civil Procedure 408 and is for settlement purposes only.  This letter is an attempt to amicably resolve the dispute specified herein prior to initiation of litigation in which damages, costs, and attorneys' fees will be sought.  To the extent we cannot resolve this matter privately, please see the enclosed draft Complaint that we intend to have filed in the United States District Court for the District of New Mexico.

Our client is a well-known and highly regarded travel/location photographer based in Denver, CO.  Mr. Harrington is a four time SATW Travel Photographer of the Year (in addition to numerous other awards received during his career) and has worked on assignment for most major news, business and travel magazines.  With over 45 years in business (including working in Amsterdam, New York, Paris and Zurich), Mr. Harrington has expert knowledge of Europe, as well as most regions of the world.  Our client maintains files of over 500,000 images from over seventy-five countries and is continually traveling to add new and updated material to the files.

Mr. Harrington's travel/location photography is highly sought after and has been published in numerous magazines/travel calendars, including: Business Week, Delta Sky, Endless Vacation,

Forbes, Geo, Islands, National Geographic Adventure, National Geographic Traveler, Newsweek, New York Times magazine, Outside, Popular Photography, Ski, Smithsonian, Time, and Travel + Leisure. He was also the travel photography columnist (bi-monthly "On the Road") for Shutterbug Magazine and has numerous corporate clients that have included his work in their marketing/advertising campaigns.

The unauthorized use of our client's work deprives him of much-needed income and forces our client to incur substantial costs (monetary and time) in identifying violators and enforcing his rights.

Our client previously took a professional photograph of hot air balloons flying at sunrise with the Sandia Mountains in the background during the Albuquerque International Balloon Fiesta titled "20121008_NM-TEX_2962." To our knowledge, our client *did not* authorize you or your company to use and/or display the foregoing photograph. Notwithstanding this lack of authorization, we have identified the subject photograph currently appearing on Blue Sky Capital's website (at https://blueskycapitalnm.com/about-us). Screenshots of the photograph, together with our client's federally registered copyright information, are attached to and described more fully in the attached draft complaint.

I encourage you to discuss the foregoing with your attorney and/or your insurance carrier as copyright infringement is a serious matter that potentially exposes you to substantial damages/attorneys' fees if we are forced to file the enclosed lawsuit. Keep in mind that attorneys' fees include those you will be forced to incur to mount a defense (if any) *and* potentially the attorneys' fees/costs we will incur to pursue the matter (which may be awarded) if our client prevails in court. It is important that you are cognizant of that exposure in deciding how to respond to this letter. Assuming our client prevails in court, 17 U.S.C. § 504(c)(1) provides our client the right to recover statutory damages (<u>for ***each work*** that was infringed</u>) "in a sum of not less than $750 or more than $30,000 as the court considers just." Further, if the infringement was committed "willfully," the court may increase the award of statutory damages (for ***each work*** that was infringed) "to a sum of not more than $150,000.

Courts in the Tenth Circuit (which covers Colorado, Utah, Wyoming, Kansas, Oklahoma, and New Mexico) have not hesitated (where appropriate) to impose substantial statutory damages against copyright infringers. <u>See, e.g. Stockart.com, LLC v. Engle</u>, Civil Action No. 10-cv-00588-MSK-MEH, 2011 U.S. Dist. LEXIS 20470 (D. Colo. Feb. 18, 2011) (awarding $240,000.00 in statutory damages for the infringement of 8 images); <u>Live Face On Web, LLC v. Integrity Sols. Grp., Inc.</u>, 421 F. Supp. 3d 1051, 1060 (D. Colo. 2019) (in case involving infringement of software code, denying defendant's motion to set aside $262,197.00 verdict in plaintiff's favor); <u>Shive v. J&C Baseball Clubhouse, Inc.</u>, No. CIV 15-0406 JB/JHR, 2018 U.S. Dist. LEXIS 36475 (D.N.M. Mar. 5, 2018) (recommending that court adopt jury award of $150,000.00 of statutory damages stemming from infringement of registered photograph).

Please keep in mind both that the facts of these cases may be different than those here (thus militating in favor of a higher or lower award here) and that the above amounts do not account for attorneys' fees which are also recoverable under the Copyright Act.

Please note that Section 504 of the Copyright Act provides for the recovery of statutory damages (as explained above) or (at our client's election) actual damages plus "any additional profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." Of course, if forced to litigate this matter, we will fully explore the damages issue and make an election that is most beneficial to our client.

While this is a serious matter, it is not particularly complex. The utilization of our client's work(s) without proper authorization constitutes copyright infringement, and we will either resolve this issue in court (allowing a court to decide the matter) or privately between the parties. To that end, my client's demand is simple:

> *You shall pay Thirty Thousand Dollars ($30,000.00) within fourteen (14) days of the date first written above and shall immediately cease and desist from any further use of our client's work(s).*

Please contact us within the above-stated period to arrange for payment. If payment is received as described above, we will forego the filing of a lawsuit. Otherwise, please be aware that our client does not shy away from enforcing his rights in court.

Further, you should provide a copy of this letter to your general liability insurance carrier (if one exists), notify them of our client's demand, disclose the identity of such insurer to us, and provide a copy of the subject insurance policy to us. If you believe we are mistaken as to the allegations of copyright infringement made herein, then we encourage you to provide us with copies of any license or other evidence supporting your authorized use of the subject work(s).

This letter is not intended as one in a series of threatening letters on this subject. Rather, we demand that you respond affirmatively and immediately. If we do not receive such from you or otherwise hear from you to arrange payment, we will file the enclosed lawsuit and allow the courts to decide the matter.

Finally, while removing the unlicensed photograph(s) from commercial display is required, please understand that *removal alone is insufficient to end this matter*. If you do not contact us to arrange for payment for your existing/past use of the photograph(s), a lawsuit *will* be filed and our client *will* pursue the above-described damages against you.

You should give this matter your immediate attention.

Very truly yours,

Daniel DeSouza, Esq.
For the Firm

Very truly yours,

James D'Loughy, Esq.
For the Firm

DD/da
Encl.

**3** | P a g e

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Case No. _____

BLAINE HARRINGTON III,

    Plaintiff,

v.

BLUE SKY CAPITAL, LLC,

    Defendant.

## COMPLAINT

Plaintiff Blaine Harrington III ("Plaintiff") sues defendant Blue Sky Capital, LLC ("Defendant"), and alleges as follows:

## THE PARTIES

1.    Plaintiff is an individual who is a citizen of the State of Colorado.

2.    Defendant is a limited liability company organized and existing under the laws of the State of New Mexico with its principal place of business located at 8665 Rio Grande Blvd NW, Albuquerque, NM 87114. Defendant's agent for service of process is Allan Wainwright, 800 Lomas Blvd. NW, Suite 100, Albuquerque, NM 87102.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.    This Court has personal jurisdiction over Defendant because it maintained sufficient minimum contacts with New Mexico such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "A defendant 'may be found' in any judicial district to which he would be subject to personal jurisdiction." Allison v. Wise, 621 F. Supp. 2d 1114, 1118 (D. Colo. 2007); see also McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) ("In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'") (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991).

## FACTS

**I.    Plaintiff's Business**

6. Plaintiff is a well-known and highly regarded travel/location photographer based in Denver, CO, a four time SATW Travel Photographer of the Year (in addition to numerous other awards received during his career), and has worked on assignment for most major news, business and travel magazines.

7. With over 45 years in business (including working in Amsterdam, New York, Paris and Zurich), Plaintiff has expert knowledge of Europe, as well as most regions of the world. He maintains files of over 500,000 images from over seventy-five countries and is continually traveling to add new and updated material to the files.

8. Plaintiff's travel/location photography is highly sought after and has been published in numerous magazines/travel calendars, including: Business Week, Delta Sky, Endless Vacation, Forbes, Geo, Islands, National Geographic Adventure, National Geographic Traveler, Newsweek, New York Times magazine, Outside, Popular Photography, Ski, Smithsonian, Time, and Travel + Leisure. He was also the travel photography columnist (bi-monthly "On the Road") for Shutterbug

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

Magazine and has numerous corporate clients that have included his work in their marketing/advertising campaigns.

## II.   The Work at Issue in this Lawsuit

9.   In 2012, Plaintiff created a professional photograph of hot air balloons flying at sunrise with the Sandia Mountains in the background during the Albuquerque International Balloon Fiesta titled "20121008_NM-TEX_0962" (the "Work"). A copy of the Work is exhibited below.



10.   The Work was registered by Plaintiff with the Register of Copyrights on March 05, 2013 and was assigned Registration No. VAu 1-132-209. A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

11.   Plaintiff is the owner of the Work and has remained the owner at all time's material hereto.

## III.   Defendant's Unlawful Activities

12.   Defendant is a real estate investment company specializing in judicial foreclosure

sales. It has been serving the New Mexico area for over 20 years.

13.    Defendant advertises/markets its business primarily through its website (https://blueskycapitalnm.com/).

14.    On a date after Plaintiff's above-referenced copyright registration of the Work, Defendant published the work on its website (at https://blueskycapitalnm.com/about-us) to accompany its about us page:



15.    A true and correct copy of the screenshot of Defendant's website, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

16.    Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with its website or for any other purpose.

17.    Defendant utilized the Work for commercial use – namely, in connection with the marketing of its real estate investment business.

18.    Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

19.     Through his ongoing diligent efforts to identify unauthorized use of his photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in June 2022. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past/existing infringement of his Work.

## COUNT I – COPYRIGHT INFRINGEMENT

20.     Plaintiff re-alleges and incorporates paragraphs 1 through 19 as set forth above.

21.     The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

22.     Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

23.     As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website.

24.     Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

25.     By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

26.     Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright.  Notably, Defendant itself

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

utilizes a copyright disclaimer on its website ("Copyright © 2020 Blue Sky Capital - All Rights Reserved."), indicating that Defendant understands the importance of copyright protection and intellectual property rights. Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

27. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

28. Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

29. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

30. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and attorneys' fees as a result of Defendant's conduct.

31. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

$150,000.00 for each infringement of the Work;

d.  Awarding Plaintiff his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.  Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g.  For such other relief as the Court deems just and proper.

**Demand For Jury Trial**

Plaintiff demands a trial by jury on all issued so triable.

Dated: _____, 2022.



COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza, Esq._____
      Daniel DeSouza, Esq.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

Exhibit "A"

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

# VAu 1-132-209

**Effective date of registration:**

March 5, 2013

## Title

**Title of Work:** Blaine Harrington III Photography 20120116-20121129 12,692 Unpublished Photos

## Completion/Publication

**Year of Completion:** 2012

## Author

**Author:** Blaine Harrington III

**Author Created:** photograph(s)

**Work made for hire:** No

**Citizen of:** United States          **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Blaine Harrington III

7533 South Overlook Way, Littleton, CO, 80128, United States

## Limitation of copyright claim

**Material excluded from this claim:** text, jewelry design, architectural work, 2-D artwork, sculpture, map

**New material included in claim:** photograph(s)

## Rights and Permissions

**Name:** Blaine Harrington III

**Email:** blaineharr@comcast.net          **Telephone:** 303-932-9062

**Address:** 7533 South Overlook Way

Littleton, CO 80128  United States

## Certification

**Name:** Blaine G. Harrington III

**Date:** March 5, 2013

Exhibit "B"

# Blue Sky Capital LLC

HOME   — ABOUT US   TESTIMONIALS   RESOURCES   CONTACT US

## ABOUT BLUE SKY CAPITAL LLC

Blue Sky Capital is a real estate investment company founded by Brent Freeze in 2012, based out of Albuquerque, New Mexico. We specialize in all aspects of judicial foreclosure sales including acquisition of redemption rights, short sales, and trustee sales.

Blue Sky has invested in all types of real estate in nearly every market in New Mexico. We strive to provide the most professional and knowledgeable service, and have over 20 years of experience in the NM real estate industry.



COPYRIGHT © 2020 BLUE SKY CAPITAL - ALL RIGHTS RESERVED.

POWERED BY GODADDY WEBSITE BUILDER

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

_____
                                                        )
BLAINE HARRINGTON III                    )
     Plaintiff/Counterclaim Defendant    )
                                                        )
v.                                                       )        Case No.  1:22-cv-00534-KK-JHR
                                                        )
BLUE SKY CAPITAL, LLC                     )
     Defendant/Counterclaim Plaintiff.    )
_____

**CERTIFICATE OF SERVICE FOR ANSWERS AND COUNTERCLAIMS OF
DEFENDANT BLUE SKY CAPITAL, LLC**

I hereby certify that on this 10th day of August, 2022, a true and correct copy of

Defendant's Offer of Judgment was filed and served electronically, along with this Certificate of

Service, via the Court's CM/ECF system on the following counsel of record.

Daniel DeSouza
James D'Loughy
COPYCAT LEGAL, PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL  33065
Telephone:  (877) 437-6228
Email:  dan@copycatlegal.com
        james@copycatlegal.com


_/s/ Jeffrey L. Squires_