IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Case No. 1:22-cv-00534-KK-JHR

BLAINE HARRINGTON III,

    Plaintiff,

v.

BLUE SKY CAPITAL, LLC,

    Defendant.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on October 26, 2022 and was attended by:

    Daniel DeSouza for Plaintiff/Counter-Defendant

    Jeffrey L. Squires for Defendant/Counter-Plaintiff

## NATURE OF THE CASE

Prior to the filing of this lawsuit, Plaintiff/counter-defendant Blaine Harrington III ("Plaintiff") sent (through counsel) a letter to defendant/counter-plaintiff Blue Sky Capital, LLC ("Defendant") that alleged Defendant committed copyright infringement of a particular photograph, demanded payment of $30,000 for the alleged infringement, demanded that Defendant remove the subject photograph from its display thereof, and which attached a draft Complaint for copyright infringement in which Plaintiff stated he would seek either actual damages or statutory damages up to $150,000 for each alleged infringement.  In response to Plaintiff's letter, Defendant (through counsel) demanded that Plaintiff pay $5,000.00 to Defendant to resolve this matter. Plaintiff then initiated this case in which he asserts a single claim for copyright infringement. Defendant has filed a counterclaim in which it seeks a declaratory judgment that Plaintiff's alleged

misuse of the copyright law barred his enforcement of his asserted copyrights against Defendant; and further seeks damages for Plaintiff's alleged violation of the New Mexico Unfair Practices Act and for prima facie tort.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff should be allowed until December 30, 2022 to move to amend the pleadings and to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

At present Defendant has no intention of filing an amended pleading, but requests it have until December 30, 2022 to do so.

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; and that this Court has jurisdiction of the parties and the subject matter, with respect to those parties who have entered appearances.

The parties further stipulate and agree that the law governing this case is the law of New Mexico and the U.S. Copyright Act.

Any stipulations to facts concerning the parties' claims and defenses will be made after discovery is completed.

## PLAINTIFF'S CONTENTION

Plaintiff is a well-known and highly regarded travel/location photographer with over 45 years in business.  He maintains files of over 500,000 images from over seventy-five countries and is continually traveling to add new and updated material to the files.  Prior to this lawsuit, Plaintiff discovered that Defendant was publishing/displaying one of Plaintiff's professional photographs on its website with respect to the marketing/promotion of its business.  Upon confirming that Defendant had not licensed his work, Plaintiff engaged counsel to send a pre-suit demand letter to

Defendant. Plaintiff's counsel was ultimately contacted by Defendant's counsel who demanded that Plaintiff pay $5,000.00 to Defendant. Plaintiff contends that Defendant committed copyright infringement. Plaintiff further contends that Defendants' counterclaims claims are deficient as a matter of law and wholly unsupported by any facts.

## DEFENDANT'S CONTENTION:

Defendant Blue Sky Capital, LLC, is a New Mexico limited liability company that is engaged in various real estate-related activities. It received a letter from the lawyer for Plaintiff Blaine Harrington III ("Harrington") charging it with copyright infringement of a photo and demanding $30,000 to avoid litigation, and threatening to sue it for damages in an amount of $150,000 if it did not pay the amount demanded. In this case Defendant had not known Harrington owned copyright in the photo, but promptly removed the subject photograph from its website. Defendant contends Harrington's conduct is part of a scheme he has developed to extort amounts from people who unwittingly download photographs from the Web that have no indication of their authorship or copyright ownership. Harrington is aware his photographs are available on the web without notice of authorship or copyright ownership, which he exploits to entice their being used by persons without knowledge of his claim to ownership, and then demands excessively high payments from these users to avoid being sued for amounts that are far in excess of the fair value of the photos, but still less than the cost of the defense of his claim. Defendant has raised affirmative defenses, including misuse of copyright, and has filed counterclaims seeking a declaratory judgment that Harrington was misusing his copyright, and seeking damages for his violation of the New Mexico Unfair Practices Act and for prima facie tort.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan:

A. Plaintiff's Prospective Witnesses

Plaintiff anticipates calling the following witnesses in support of his claims and defenses:

1. Blaine Harrington III
2. Defendant's Rule 30(b)(6) corporate representative

B. Defendant's Prospective Witnesses

Defendant anticipates calling the following witnesses in support of its claims and defenses:

1. Brent Freeze
2. Blaine Harrington III

C. Plaintiff's Exhibits

Plaintiff expects to offer documents evidencing his copyright registration of the photograph at issue in this lawsuit, screenshots of Defendant's unauthorized use of his photograph, screenshots of Defendant's use of other professional photography, literature/publications concerning realtors' knowledge of copyright infringement issues, and evidence of Plaintiff's licensing and sale of his professional photographs.

D. Defendant's Exhibits

Defendant expects to offer documents evidencing all similar cases filed by Plaintiff for copyright infringement; licensing agreements entered by Plaintiff to license his photographs to others; documents evidencing Plaintiff's methods of identifying persons who download his photographs from the web; and documents evidencing the value of the use of Plaintiff's photographs as determined by courts or other objective sources.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

E.  Plaintiff's Experts

Plaintiff has not yet identified, or determined whether he will call, any expert to testify at trial.

F.  Defendant's Experts

Defendant has engaged Professor Oren Bracha as an expert to testify on the subject of misuse of copyright.  Plaintiff has received Notice of the Identification of Professor Bracha as Defendant's expert and an Expert Report prepared by Professor Bracha for use in this case and other cases in which Plaintiff has sued other defendants who are similarly situated.

G.  Plaintiff's Discovery

Discovery will be needed on the following subjects: Defendant's use and/or display of Plaintiff's professional photography; the identity of the person(s) who published Plaintiff's work on Defendant's website; Defendant's profits made or expenses saved as a result of its infringement; Defendant's history of licensing professional photography and efforts to avoid commission of copyright infringement; Defendant's knowledge and/or training with respect to avoiding acts of copyright infringement; the factual basis for Defendant's affirmative claims and affirmative defenses; and Defendant's individual knowledge of the facts supporting its affirmative claims and affirmative defenses.

H.  Defendant's Discovery

Discovery will be needed on the following subjects:  Plaintiff's practices in threatening suit and filing infringement claims; Plaintiff's knowledge of the availability of his photographs on the web without identifying information, and his efforts to prevent that; Plaintiff's copyright ownership; Plaintiff's licensing of the same or similar photographs; and the fair value of Plaintiff's photographs as used by Defendant.

I.  The parties propose the following limits on discovery:

Maximum of 25 interrogatories by each party to any other party. (Responses due 30 days after service).

Maximum of 50 requests for admission by each party to any other party. (Response due 30 days after service).

Maximum of 50 document requests per party to any opposing party. (Response due 30 days after service).

Maximum of 10 depositions by Plaintiffs and 10 by Defendant.

Each deposition limited to maximum of 7 hours unless extended by agreement of parties.

Reports from retained testifying experts under Rule 26(a)(2) due:

> From Plaintiffs by May 31, 2023

> Defendant has already provided its Expert Report

Supplementation under Rule 26(e) due by the final pretrial conference.

All discovery commenced in time to be complete by July 31, 2023.

## **PRETRIAL MOTIONS**

Plaintiff does not at present know enough to foresee what pretrial motions he may file.

Defendant does not know enough to know what pretrial motions it may file.

Motions in limine to be filed 30 days prior to trial date.

## **ESTIMATED TRIAL TIME**

The parties estimate trial will require 3 days.

___ This is a non-jury case.

_X_ This is a jury case.

The parties request a pretrial conference at least 30 days prior to the trial date.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

**SETTLEMENT**

The possibility of settlement in this case is considered unlikely.

**EXCEPTIONS**

The parties know of no exceptions at the present time.

Respectfully submitted,

Respectfully submitted on October 29, 2022.

| | |
|---|---|
| COPYCAT LEGAL PLLC<br>3111 N. University Drive<br>Suite 301<br>Coral Springs, FL 33065<br>Telephone: (877) 437-6228<br>dan@copycatlegal.com<br>*Attorneys for Plaintiff* | SQUIRES LEGAL COUNSEL, LLC<br>P.O. BOX 92845<br>Albuquerque, NM 87199<br>Telephone: (505) 998-6116<br>jsquires@squireslegal.com<br>*Attorneys for Defendant* |
| By: /s/ Daniel DeSouza, Esq._____<br>    Daniel DeSouza, Esq. | By: /s/ Jeffrey L. Squires_____<br>    Jeffrey L. Squires, Esq. |

APPROVED WITH/WITHOUT EXCEPTIONS
(note exceptions above)

_____
For Plaintiff

_____
For Defendant

_____
Other Party