IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MAUREEN HARRINGTON,

      Plaintiff/Counterclaim Defendant,

v.                                              1:22-cv-00534-KG-LF

BLUE SKY CAPITAL, LLC,

      Defendant/Counterclaim Plaintiff.

**<u>ORDER DENYING MOTION TO FILE SURREPLY</u>**

THIS MATTER comes before the Court on Defendant Blue Sky Capital, LLC's, Resubmitted Request for Leave to File Surreply filed on January 25, 2024.  Doc. 50.  Plaintiff Maureen Harrington filed her response on January 30, 2024.  Doc. 52.  Blue Sky filed a notice of completion of briefing on January 31, 2024.  Doc. 53.  Having read the motion and response and being otherwise fully advised, the Court finds that the motion is not well taken and DENIES it.

Under this district's local rules, briefing on motions is limited to the motion (with memorandum in support), a response, and a reply.  *See* D.N.M.LR-Civ. 7.1, 7.3, 7.4.  Surreplies are permitted only with leave of court.  *Id*. at 7.4(b).  Surreplies are typically disfavored and will be permitted only in exceptional circumstances, such as when new material is raised for the first time in the movant's reply.  *Green v. New Mexico*, 420 F.3d 1189, 1196–97 (10th Cir. 2005) ("[N]onmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply.").  "'Material,' for purposes of this framework, includes both new evidence and new legal arguments."  *Id.* (internal citation omitted).  A surreply "gives the nonmovant a chance to respond to the new information."  *Navajo Health Found.-Sage Mem'l Hosp., Inc. v. Burwell*, 110 F. Supp. 3d 1140, 1183 (D.N.M. 2015).

Blue Sky does not offer an appropriate reason for filing a surreply.  In its motion, Blue Sky explains that it seeks leave to file a surreply "in response to a statement in Plaintiff's Reply in Support of [her] Motion for Summary Judgement [Doc. 47], that directly impugns the integrity of Defendant and/or its undersigned counsel by asserting they lied to the Court in Defendant's Response to Plaintiff's motion [Doc. 45]."  Doc. 50 at 1.  The statement condemned as a "lie" is a dispute over the interpretation of testimony submitted to the Court.  *See* Doc. 47 at 4–5 (discussing the testimony of Mr. Neff).  Calling opposing counsel's interpretation of the testimony a "lie" in a reply brief is not raising a new factual or legal argument that requires a surreply.  The Court can readily ascertain the veracity of the statements made in Blue Sky's briefing when it decides the motion for summary judgment, particularly given that the transcript of the relevant testimony is attached to defendant's motion for summary judgment.  Under these circumstances, a surreply is unnecessary.

IT IS THEREFORE ORDERED that Defendant Blue Sky Capital, LLC's, Resubmitted Request for Leave to File Surreply (Doc. 50) is DENIED.

Laura Fashing
United States Magistrate Judge