IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MAUREEN HARRINGTON, as personal
Representative for the estate of BLAINE
HARRINGTON III,

    Plaintiff/Counterclaim Defendant,

vs.                                                                                       No. 1:22-cv-00534-KG-LF

BLUE SKY CAPITAL, LLC,

    Defendant/Counterclaim Plaintiff.

## ORDER

This matter is before the Court on Plaintiff/Counterclaim Defendant Maureen Harrington's Unopposed Motion to Exclude Expert Report and Testimony of Oren Bracha (Motion to Exclude), (Doc. 37),[1] filed October 8, 2023, and her Motion for Summary Judgment, (Doc. 39), filed November 16, 2023.

Notwithstanding the clear violation of the New Mexico District Court's Local Rules of Civil Procedure, (Local Rules), this Court, exercising its discretion, grants Plaintiff/Counterclaim Defendant's Motion to Exclude.[2] However, the Court strikes, without prejudice to refile, Ms. Harrington's Motion for Summary Judgement due to her recurrent violation of the Local Rules.

---

[1] While the Motion to Exclude Expert Report and Testimony is unopposed, Defendant/Counterclaim Plaintiff filed a response pointing out various violations of the Local Rules. *See* (Doc. 38).

[2] Inexplicably, Ms. Harrington's Unopposed Motion to Exclude is 11 pages long and includes over 150 pages of attached exhibits.

In her Motion for Summary Judgment, Ms. Harrington did not seek opposing counsel's concurrence as required by D.N.M.LR-Civ. 7.1(a).[3] Ms. Harrington also failed to comply with Local Rules 10.5 and 10.6. Local Rule 10.5 provides,

> All exhibits to a motion, response or reply, including excerpts from a deposition, must not exceed a total of fifty (50) pages, unless all parties agree otherwise. If agreement cannot be reached, then the party seeking to exceed the page limit must file a motion in accordance with D.N.M.LR-Civ. 7. A party may file only those pages of an exhibit which are to be brought to the Court's attention. A page from a condensed deposition transcript (containing four pages of testimony) will be considered one page for purposes of this rule.

D.N.M..LR.-Civ. 10.5. Instead of adhering to the 50-page limit, Ms. Harrington attached exhibits spanning well over 300 pages—including a 204-page deposition transcript. Moreover, she failed to file a motion asking this Court for leave to exceed this page limit, and there is no indication that Defendant/Counterclaim Plaintiff consented for her to do so.

Local Rule 10.6 provides,

> The portions of an exhibit the party wishes to bring to the Court's attention must be marked, e.g., by brackets, shading, or underlining, in the original, the copy for the Court and the copy for each party. Marking must be apparent on exhibits that are scanned and filed and/or served electronically so that, when printed in hard copy, the reader can clearly see what is marked to read and the text can be easily read. This rule applies equally to parties who are excused from electronic filing.

D.N.M.LR.-Civ. 10.6. Although Ms. Harrington appears to reference exhibits in her Motion for Summary Judgment, none of the exhibits appear to be marked with brackets, shading, or underlining to highlight the portions of the exhibit she wishes to bring to the Court's attention. *See* (Doc. 39); (Docs. 39-1 to 39-11). This is especially important because Ms. Harrington attached entire deposition transcripts. *See* (Docs. 39-3, 39-4, 39-7).

---

[3] Local Rule 7.1(a) requires the movant to "determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." While the Court will not summarily deny Ms. Harrington's Motion in this instance, her failure to comply with this rule going forward will be addressed accordingly.

IT IS, THEREFORE, ORDERED that Plaintiff/Counterclaim Defendant's Motion to Exclude is GRANTED and her Motion for Summary Judgment is STRIKEN without prejudice to refile.

_____
UNITED STATES DISTRICT JUDGE